ENTERED IN THE COUNTY OF LORAIN, OHIO DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On November 7, 1997, Edward Oniel[1] was sentenced in the Common Pleas Court of Lorain County on the charges of rape, as defined in R.C. 2907.02, and gross sexual imposition, as defined in R.C. 2907.05, to which he had previously pleaded guilty. At the time of sentencing, the trial court judge found Oniel to be a "Sex Offender." In its subsequent journal entry the trial court noted that Oniel was a "sexual oriented offender," and directed that the Department of Rehabilitation and Correction explain the registration requirements to him. Oniel appeals from that classification and assigns as error that (1) he was declared a sexual predator without a hearing and/or adequate notice thereof, and (2) he was adjudicated a sexual predator in absence of clear and convincing evidence. Oniel has argued that it was improper to adjudicate him a sexual predator without adequate notice and to make that determination without adequate evidence to support such a finding by the required clear and convincing standard. The record reveals however, that Oniel was not adjudicated a sexual predator, but merely classified a "sexual oriented offender." We overrule both assignments of error and affirm the judgment of the trial court.
Pursuant to Revised Code section 2950.04, any criminal "offender who * * * has been convicted of or pleaded guilty to * * * a sexually oriented offense * * * shall register with the sheriff" to advise the sheriff of his residence within the county. R.C.2950.04(A) and (C). Although the registration requirements imposed on individuals who commit sexually oriented offenses are clearly articulated, the specific label "sexually oriented offender" does not appear in the sexual predator statute. See R.C. Chapter 2950. Rather, it was used by the Supreme Court inState v. Cook, as a means of identifying an individual who is subject to registration requirements under the sexual predator statute by virtue of his guilty plea to or conviction for the commission of a "`sexually oriented offense' * * * but who does not fit the description of either [a] habitual sex offender or [a] sexual predator." State v. Cook (1998), 83 Ohio St.3d 404, 407.
Rape and gross sexual imposition are both categorized as sexually oriented offenses. R.C. 2950.01. By virtue of a guilty plea to and conviction for the commission of the sexually oriented offenses of rape and gross sexual imposition, an individual is a "sexually oriented offender," regardless of any hearing or pronouncement by the court. While R.C. 2950.09(B)(1) requires the trial court to hold a hearing in order to determine whether the offender is a sexual predator, no separate hearing is required by the statute in order to determine that an individual who has committed one of the statutory sexually oriented offenses is a "sexually oriented offender." See Cook, 83 Ohio St.3d at 423-424.
Here, Oniel pleaded guilty to rape and gross sexual imposition, both sexually oriented offenses as defined by R.C.2950.01(D). Oniel was properly classified a "sexual[ly] oriented offender."[2] By virtue of Oniel's guilty pleas to rape and gross sexual imposition he was automatically a "sexually oriented offender," with or without a separate hearing. See, generally,Cook, 83 Ohio St.3d 404. Because Oniel was not adjudicated a sexual predator, his assignments of error are moot. It was not error for the trial court to declare in an order what was already reality, as a matter of law. Considering this, we overrule both of Oniel's assignments of error. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD FOR THE COURT
SLABY, J.
WHITMORE, J.
CONCUR
[1] The spelling is taken from his signature. He is variously referred to as O'Neil, O'Niel, O'Neill, and O'niel.
[2] We assume the use of the word "sexual" rather than "sexually" by the court in its classification of Oniel was inadvertent.